**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARK WILLIAM CLEMENTS,

        Plaintiff,

v.                                         Case No. 6:16-cv-574-Orl-37GJK

ESSEX INSURANCE COMPANY; and
AJWE, L.L.C.,

        Defendants.

_____

## ORDER

This cause is before the Court on the following:

1.      Essex Insurance Company's Notice of Removal (Doc. 1), filed April 5, 2016;

2.      Plaintiff's Response to Defendant's Notice of Removal and Motion to Remand and Incorporated Memorandum of Law (Doc. 13), filed May 5, 2016; and

3.      Essex Insurance Company's Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. 20), filed May 24, 2016.

## BACKGROUND

On or about February 3, 2009, Plaintiff Mark Clements visited the premises of AJWE, LLC ("**AJWE**"), where he "was assaulted [by] and received knife wounds" from another of AJWE's business patrons ("**Incident**"). (Doc. 2, ¶ 7.) At the time of the Incident, AJWE was covered by a policy of insurance ("**Policy**") issued by Essex Insurance Company ("**Essex**"). (*Id.* ¶ 9; Doc. 1-1, pp. 17–20.)

As a result of the Incident, Plaintiff filed a liability lawsuit against AJWE in state court ("**Underlying Action**"). (Doc. 2, ¶ 8; Doc. 1-1, pp. 13–16.) Essex determined that it

did not have a duty to defend or indemnify AJWE in the Underlying Action. (Doc. 2, ¶¶ 10–11; Doc. 1-1, pp. 21–24.) On February 25, 2015, the Underlying Action resulted in a final judgment in favor of Plaintiff and against AJWE in the amount of $750,000.00. (Doc. 2, ¶ 13; Doc. 1-1, pp. 25, 28.)

Subsequently, on February 29, 2015, Plaintiff and AJWE entered into an "Assignment, Settlement of Claim and Covenant not to Execute," whereby: (1) AJWE assigned to Plaintiff all of its rights under the Policy and its claims against Essex as a result of the Underlying Action; (2) Plaintiff agreed not to make any claim for collection of the judgment against AJWE; and, *inter alia*, (3) Plaintiff agreed that his recovery on any judgment is "exclusively limited" to sums he could recover from Essex and that he was not permitted to recover any sums from AJWE ("**Assignment**"). (Doc. 2, ¶ 14; Doc. 1-1, pp. 29–33.)

On March 2, 2016, Plaintiff initiated this breach of insurance contract action by filing a three-count Complaint against Essex and AJWE in state court. (Doc. 2.) Essex timely removed the Complaint to this Court on the basis of diversity jurisdiction. (Doc. 1.) In support of the Court's diversity jurisdiction, Essex sufficiently demonstrates that Plaintiff and Essex are diverse parties and that the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. (*See id.* at 1–2, 5–7.) Essex recognizes that Plaintiff and AJWE are nondiverse parties, but asserts that: (1) AJWE was fraudulently joined and, therefore, its presence in the action does not defeat diversity jurisdiction ("**Fraudulent Joinder Issue**"); or (2) alternatively, AJWE is not a "real party in interest" and is, therefore, subject to dismissal pursuant to Federal Rule of Civil Procedure 21 ("**Rule 21 Issue**"). (*Id.* at 2, 7–12.)

Plaintiff moves for remand of the case on the ground that he and AJWE are

nondiverse parties, and he suggests that the Court hold a hearing on the Fraudulent Joinder Issue ("**Motion**"). (Doc. 13.) Essex opposes remand. (Doc. 20.) Upon consideration, the Court finds that: (1) the Rule 21 Issue is dispositive; (2) therefore, a hearing on the Fraudulent Joinder Issue is unnecessary; and (3) the Motion is due to be denied.

## STANDARDS

If a state court action could have been asserted in federal court based on diversity jurisdiction under 28 U.S.C. § 1332, then a defendant may remove the action to federal court pursuant to §§ 1441(a) and 1446(c). Diversity jurisdiction exists in "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The removing party must establish the jurisdictional requirements by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B). Within thirty days of removal, a plaintiff may move to remand. *See* 28 U.S.C. § 1447(c); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007). All uncertainties concerning removal jurisdiction are resolved in favor of remand. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

## DISCUSSION

Federal Rule of Civil Procedure 21 provides that the Court may add or drop a party at any time on just terms. "Courts have employed Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action under [Federal Rule of Civil Procedure] 19." *See Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985); *see also Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 815 F. 3d 1293, 1298 n.8 (11th Cir. 2016) ("It is firmly established that Rule 21 'invests district courts with authority

to allow a dispensable nondiverse party to be dropped at any time,' such as when necessary to establish federal subject-matter jurisdiction." (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989))). Thus, "before a Rule 21 dismissal of a nondiverse party is appropriate," the Court must "determine that [the nondiverse party] [is] not an indispensable party to the action under Rule 19." *Fritz*, 751 F.2d at 1155.

The Court, therefore, turns to the Rule 19(b) factors to determine whether AJWE is indispensable.[1] To do so, the Court considers: (1) the extent to which a judgment rendered in AJWE's absence might prejudice the parties; (2) the extent to which the prejudice determined in the first factor, if any, can be lessened or avoided; (3) the adequacy of a judgment rendered in AJWE's absence; and (4) the opportunity for Plaintiff to obtain an adequate remedy if the case is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 19(b); *see also Ralli-Coney, Inc. v. Gates*, 528 F.3d 572, 575 (5th Cir. 1976).[2]

Given that a judgment rendered in AJEW's absence would be adequate and would not prejudice the parties,[3] the Court finds that AJWE is a dispensable party. Indeed, not only can Plaintiff obtain complete relief from Essex, but, he can obtain relief *only* from Essex, as AJWE has assigned its rights to Plaintiff and Plaintiff has agreed not to seek

---

[1] It is the Court's view that AJWE is not a required party under Rule 19(a), as AJWE does not claim an interest in the action and—per the Assignment—the Court could afford complete relief in AJEW's absence. *See Challenge Homes, Inv. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 699–70 (11th Cir. 1982). Nevertheless, as AJWE has already been named as a defendant, the Court turns to the indispensability inquiry under Rule 19(b).

[2] Decisions of the Fifth Circuit rendered on or before September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

[3] The fourth factor of Rule 19(b) is inapplicable here because, even if the Court were to find that AJWE is indispensable, it would remand—rather than dismiss—the action and Plaintiff would still be able to pursue his claims in state court.

recovery from AJWE per the Assignment. (*See* Doc. 1-1, pp. 29–33.) As such, neither Plaintiff, Essex, nor AJWE would be prejudiced by AJWE's absence in this action.

Consequently, the Court exercises its discretion to dismiss AJWE pursuant to Rule 21. Dismissal of AJWE—the nondiverse defendant—preserves the Court's diversity jurisdiction; thus, the Court has subject matter jurisdiction over the action and Plaintiff's Motion is due to be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. 13) is **DENIED**.

2.    Pursuant to Federal Rule of Civil Procedure 21, AJWE, LLC is **DISMISSED** as a party to this action.

3.    The Clerk is **DIRECTED** to terminate AJWE, LLC's status as a defendant in this action.

4.    On or before, Monday, **June 20, 2016**, Plaintiff is **DIRECTED** to respond to Defendant Essex Insurance Company's Motion to Dismiss (Doc. 8). Failure to timely respond may result in the Motion being granted as unopposed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 6, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record