**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MARK WILLIAM CLEMENTS,

        Plaintiff,

v.                                                  Case No. 6:16-cv-574-Orl-37GJK

ESSEX INSURANCE COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on Essex Insurance Company's Motion to Dismiss and Incorporated Memorandum of Law in Support (Doc. 8), filed April 12, 2016.

On or about February 3, 2009, Plaintiff Mark Clements visited the premises of AJWE, LLC, doing business as Back Booth ("**AJWE**"), where he "was assaulted [by] and received knife wounds" from another of AJWE's business patrons ("**Incident**"). (Doc. 2, ¶ 7.) At the time of the Incident, AJWE was covered by a policy of insurance ("**Policy**") issued by Essex Insurance Company ("**Essex**"). (*Id.* ¶ 9; Doc. 2-1, pp. 5–8.)

As a result of the Incident, Plaintiff filed a liability lawsuit against AJWE in state court ("**Underlying Action**"). (Doc. 2, ¶ 8; Doc. 1-1, pp. 13–16.) Essex determined that the Incident was not covered by the Policy and, therefore, that it did not have a duty to defend or indemnify AJWE in the Underlying Action. (Doc. 2, ¶¶ 10–11; Doc. 1-1, pp. 21–24.) Plaintiff prevailed in the Underlying Action and, on February 25, 2015, final judgment was entered in favor of Plaintiff and against AJWE in the amount of $750,000.00. (Doc. 2,

¶ 13; Doc. 1-1, pp. 25, 28.)

On February 29, 2015, Plaintiff and AJWE entered into an "Assignment, Settlement of Claim and Covenant not to Execute," whereby AJWE assigned to Plaintiff all of its rights under the Policy and its claims against Essex related to the Underlying Action ("**Assignment**"). (Doc. 2, ¶ 14; Doc. 1-1, pp. 29–33.) Accordingly, on March 2, 2016, Plaintiff initiated the instant action in state court alleging that Essex breached the Policy. (Doc. 2.) Essex timely removed the action to this Court (Doc. 1) and moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8 ("**MTD**")).

On June 6, 2016, the Court denied a motion to remand by Plaintiff and directed Plaintiff to respond to the MTD on or before Monday, June 20, 2016. (Doc. 21 ("**Order**").) In the Order, the Court warned that Plaintiff's "[f]ailure to timely respond [to the MTD] may result in the [MTD] being granted as unopposed." (*Id.*) To date, Plaintiff has not responded; thus, the Court finds that the MTD due to be granted as unopposed, *see* Local Rule 3.01(b), and on the merits.

The Policy, which is an exhibit to the Complaint, precludes insurance coverage for claims for injury or damages that arise out of "[a]ssault and/or [b]attery, or out of any act or omission in connection with the prevention of suppression of such acts" ("**Assault Exclusion**"). (*See* Doc. 2-1, p. 7.) Plaintiff's injuries resulted from an alleged assault that occurred on AJWE's premises. (Doc. 2, ¶ 7.) As such, the Assault Exclusion bars coverage for the Incident as a matter of law.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Essex Insurance Company's Motion to Dismiss and Incorporated Memorandum of Law in Support (Doc. 8) is **GRANTED**.
2. This action is **DISMISSED WITH PREJUDICE**.

2

3. The Clerk is **DIRECTED** to terminate the deadlines and close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 24, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record